UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
UNITED STATES OF AMERICA,         :
: CASE NO. 1:07-CR-103
Plaintiff,        :
:
vs.                               : OPINION & ORDER
: [Resolving Doc. No. 42, 43, & 44]
MARQUIS TODDIE,                   :
:
Defendant.        :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In April 2007, the Court sentenced Defendant Marquis Toddie to 168 months' imprisonmnet for possessing cocaine and cocaine base with intent to distribute it. Toddie now moves for a reduction in that sentence.[1] He argues that the Sentencing Commission, under the Fair Sentencing Act of 2010, retroactively reduced the guidelines sentences for cocaine-base offenses and makes him eligible for resentencing at the Court's discretion.[2] The United States opposes Toddie's motion.[3] Because the Court did not sentence Toddie "to a term of imprisonment based on a sentencing range that has subsequently been lowered,"[4] the Court **DENIES** Toddie's motion.

### I. Background

In August 2007, Toddie pleaded guilty to possession with intent to distribute between four

---

[1] *See* 18 U.S.C. § 3582(c)(2); United States Sentencing Guidelines Manual (U.S.S.G.) § 1B1.10.
[2] Doc. 42.
[3] Doc. 43.
[4] 18 U.S.C. § 3582(c)(2).

-1-

Case No. 1:07-CR-103
Gwin, J.

and five grams of cocaine base.[5] This resulted in a base offense level of 24.[6] Toddie then received a two-level enhancement under U.S.S.G. § 2D1.2(a)(1) because the offense happened within 1,000 feet of a school.[7]

But, based on his prior felony convictions, Toddie qualified as a career offender under U.S.S.G. § 4B1.1.[8] This set Toddie's offense level at 34.[9]

The Court reduced Toddie's offense level by three levels for acceptance of responsibility.[10] That reductions left Toddie with a total offense level of 31.[11] Though Toddie's Criminal History Category was a VI, the Court found it more appropriate to sentence Toddie within the guideline range for a total offense level of 31 and a Criminal History Category of V, which provides for a guideline range of 168 to 210 months.[12] The Court sentenced Toddie to 168 months' incarceration.[13]

The Court now considers Toddie's August 2013 motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act of 2010.[14]

## II. Analysis

The Court has limited authority under 18 U.S.C. § 3582 to reduce a previously imposed sentence. In particular, § 3582(c)(2) provides that

---

[5] Doc. 25.
[6] Presentence Report ¶ 18.
[7] *Id.* ¶ 19.
[8] *Id.* ¶ 24.
[9] *Id.*
[10] *Id.* ¶¶ 25, 26.
[11] Doc. 34 at 7:5-11.
[12] *See id* at 21:18-22.
[13] *Id.* at 21:23-22:9.
[14] Doc. 42.

Case No. 1:07-CR-103
Gwin, J.

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, § 3582(c)(2) authorizes the Court to reduce Toddie's sentence only if (1) that sentence is "based on a sentencing range that has subsequently been lowered" and (2) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[15/]

The Court lacks authority under § 3582(c)(2) to grant Toddie's requested reduction because his sentence was not "*based on* a sentencing range that has subsequently been lowered."[16/] Although Congress retroactively lowered the base offense levels for cocaine-base offenses after the Court sentenced Toddie, the career offender guidelines ranges have not been lowered.

Recall Toddie's sentence was based on the career offender guideline, not the base offense level in § 2D1.1. Toddie differs from the defendant in *United States v. Jackson*, who was a career offender, but received a below guidelines sentence that was based on the base offense level set out in § 2D1.1[17/] Unlike the district court in *Jackson*, the Court sentenced Toddie based on his status as career offender, and so the cocaine-base guidelines played no role in determining Toddie's sentence. Thus, the Court did not sentence Toddie "to a term of imprisonment based on a sentencing range that has subsequently been lowered,"[18/] and the Court cannot grant Toddie's requested reduction.

---

[15/] *Id.*

[16/] *Id.* (emphasis added).

[17/] *See* 678 F.3D 442, 444 (6th Cir. 2012).

[18/] 18 U.S.C. § 3582(c)(2).

Case No. 1:07-CR-103
Gwin, J.

### III. Conclusion

For these reasons, the Court **DENIES** Toddie's motion for a sentencing reduction.

IT IS SO ORDERED.


Dated: November 21, 2013          s/    *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE