UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
------------------------------------------------------
:
UNITED STATES OF AMERICA :
: CASE NO. 1:07-CR-00103
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Docs. 56, 57]
MARQUIS TODDIE, :
:
Defendant, :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Marquis Toddie moves, *pro se*, for resentencing of his 2007 conviction for possession with intent to distribute cocaine base.[1] Defendant Toddie claims non-final prior state convictions were erroneously used to enhance his federal sentence. The United States opposes Toddie's motion; it asks the Court to treat the motion as made under 28 U.S.C. § 2255 and to dismiss it as untimely.[2] For the following reasons, the Court **DENIES** Defendant's motion and **GRANTS** the United States's motion to dismiss.

**I. Factual Background**

In August 2007, Defendant Toddie pled guilty to one count of possession with intent to distribute cocaine base.[3] On November 9, 2007, the Court conducted Defendant Toddie's sentencing hearing.[4] Toddie had been previously convicted of two drug-related felonies in Ohio state court, and

---

[1] Doc. 56.
[2] Doc. 57.
[3] Doc. 25.
[4] Doc. 34.

Case No. 1:07-CR-00103
Gwin, J.

was therefore classified as a career offender under U.S.S.G. § 4B1.1.[5/] Ultimately the Court determined Toddie had an adjusted overall Offense Level of 31 and a Criminal History Category of VI.[6/] The Court sentenced Defendant Toddie—below the recommended guidelines range—to 168 months in prison.[7/]

In 2014, Toddie petitioned the Ohio Court of Appeals for post-conviction relief regarding his two state convictions, arguing that the trial courts committed error with respect to his post-release controls.[8/] On June 29, 2015, the Ohio Fifth District Court of Appeals agreed and remanded the cases for the limited purpose of properly imposing post-release controls.[9/] The decision had no impact on other aspects of Toddie's sentencing—such as the length of incarceration—or on the finality of the convictions themselves.[10/]

On July 15, 2015, Defendant Toddie filed this motion for resentencing of his federal conviction.[11/] Defendant Toddie argues that the Ohio Court of Appeals decision makes those state convictions "non-final appealable orders" that the Court should not have considered when sentencing him in 2007.

**II. Procedural Posture**

Defendant Toddie titles his motion as one for resentencing. In its opposition, the Government

---

[5/]*Id.* at 8–11.
[6/]*Id.* at 18.
[7/]*See id.* at 21; Doc. 29.
[8/]*State v. Toddie*, No. 15CA25, 2015 WL 3993148, at *1–2 (Ohio Ct. App. June 29, 2015).
[9/]*Id.* at *2–3.
[10/]*See id.*; *see also State v. Fischer*, 942 N.E.2d 332, 340–41 (Ohio 2010).
[11/]Doc. 56.

Case No. 1:07-CR-00103
Gwin, J.

suggests that the Court should treat Defendant's motion as a § 2255 motion.[12] Defendant's reply not only does not rebut this characterization, but in fact centers its argument around the timing provisions of § 2255.[13] Additionally, the Court has not found any alternative basis, statutory or otherwise, under which Defendant could have brought this motion. The Court therefore concludes Defendant's motion for resentencing is best understood as a § 2255 motion and will be treated as such.

### III. Legal Standards

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

(1) That the sentence was imposed in violation of the Constitution or laws of the

United States;

(2) That the court was without jurisdiction to impose such sentence;

(3) That the sentence exceeded the maximum authorized by law; or

(4) That the sentence is otherwise subject to collateral attack.[14]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[15] When alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that

---

[12] Doc. 57.
[13] *See* Doc. 58.
[14] *Hill v. United States*, 368 U.S. 424, 426–27 (1963) (citing 28 U.S.C. § 2255).
[15] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

-3-

Case No. 1:07-CR-00103
Gwin, J.

it amounts to a violation of due process."[16]

A Defendant must bring a §2255 motion within the latest of the following events:

(1) [T]he date on which the judgment of conviction becomes final;

(2) [T]he date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) [T]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) [T]he date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[17]

### IV. Analysis

The Government says that Defendant Toddie's Motion is time-barred because it was made more than one year after judgment in this case became final.[18] Under § 2255(f)(1), a defendant must file his petition within one year of the judgment of conviction becoming final. A judgment becomes "final" when the Supreme Court "affirms [the defendant's] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."[19]

On March 16, 2009, the Sixth Circuit dismissed Defendant's appeal of his federal sentence,

---

[16] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill*, 368 U.S. at 428).
[17] 28 U.S.C. § 2255(f).
[18] Doc. 57 at 3 (citing 28 U.S.C. § 2255(f)(1)).
[19] *Clay v. United States*, 537 U.S. 522, 527 (2003) (internal citations omitted).

Case No. 1:07-CR-00103
Gwin, J.

finding that in his plea agreement he had waived his right to appeal the sentence.[20] On June 14, 2009, Defendant Toddie's right to petition for certiorari expired.[21] Thus, Defendant Toddie was required to file his § 2255 motion by June 14, 2010. Toddie, however, did not file this motion until July 10, 2015.

Defendant Toddie responds that the Ohio Court of Appeals' June 29, 2015, decision vacating his state-court imposed post-release controls constitute a new fact supporting his claim, and that he has timely filed this motion within one year of learning about the decision.[22] Under §2255(f)(4), a petition is considered timely if filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[23]

The remand of a prior state conviction, limited to the issue of post-release control, gained through a state petition for post-conviction relief, does not "support the claim" that those prior convictions were "non-final." A prior drug conviction must be "final" before it can be used to enhance a federal sentence.[24] But Toddie's convictions became final for the purpose of federal sentencing as soon as his direct appeals of his Ohio convictions had expired. Toddie's recent case in Ohio state court was brought as a petition for post-conviction relief, not as a direct appeal.[25] The Ohio Supreme Court recently held in *State v. Fischer* that, when a case is remanded for resentencing only as to improperly imposed post-release controls, the conviction and the remainder of the sentence

---

[20] Doc. 41.

[21] *See* Sup. Ct. R. 13 (petition for certiorari must be filed within ninety days of the entry of the judgment or order sought to be reviewed).

[22] Doc. 58 at 2 (citing 28 U.S.C. § 2255(f)(4)). Defendant Toddie does not allege the Government impeded his ability to file nor does he claim he is entitled to a right newly recognized by the Supreme Court. *See generally* 28 U.S.C. § 2255(f)(2), (3). Thus, to be considered timely, Defendant must meet the requirements of § 2255(f)(4).

[23] 28 U.S.C. § 2255(f)(4).

[24] *Adams v. United States*, 662 F.3d 608, 612 (6th Cir. 2010).

[25] *See Toddie*, 2015 WL 3993148, at *2 (citing Ohio Rev. Code § 2953.21).

Case No. 1:07-CR-00103
Gwin, J.

remain valid and final.[26] Thus, such a remand does not impact the "finality" of the prior conviction for purposes of federal sentencing. For this reason, the Sixth Circuit held in *United States v. Roop* that a federal district court may properly consider a prior state court conviction at sentencing, even if that state court conviction is later remanded for resentencing as to post-release controls under *Fischer*.[27]

The Court has been unable to find a case discussing the impact of such limited remand on the timeliness of a § 2255 motion. However, in *Mackey v. Warden*, a habeas case brought under 28 U.S.C. § 2244, the Sixth Circuit held that the finality of the petitioner's state convictions, in the context of federal sentencing, was not affected even after the state case was remanded to correct an error with respect to the trial court's imposition of post-release controls.[28] Thus, the Sixth Circuit held that Mackey's one-year statute of limitations under § 2244 was not affected by the remand, and simply ran from the date his federal sentence became final.[29] The Court sees no reason why a motion made under § 2255 requires a different result.

Defendant Toddie points to *Johnson v. United States* as support for his claim of timeliness. There, the Court held that the vacatur of state convictions used to enhance a federal sentence qualified as a newly discovered fact under § 2255(f)(4).[30] Unlike Johnson, however, Defendant Toddie's *convictions* have not been vacated.

Because Defendant Toddie's motion was made beyond the one-year period specified in §

---

[26] *See Fischer*, 942 N.E.2d at 340–41.
[27] *United States v. Roop*, 518 F. App'x 417, 417 (6th Cir. 2013) (citing *United States v. Coleman*, 655 F.3d 480, 485 (6th Cir. 2011)).
[28] *Mackey v. Warden, Lebanon Corr. Inst.*, 525 F. App'x 357, 362–63 (6th Cir. 2013).
[29] *Id.*
[30] *Johnson v. United States*, 544 U.S. 295, 302 (2005).

Case No. 1:07-CR-00103
Gwin, J.

2255, and there are no new facts supporting his claim, the motion is untimely.

### V. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Toddie's motion for resentencing and **GRANTS** the Government's motion to dismiss.

Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[31]

IT IS SO ORDERED.

Dated: August 3, 2015              s/  *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[31] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).